No. 825

FOREST GARMENT CO. v. BORDON

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7587. Decided Oct. 15, 1926.

First Publication of this Opinion

456. EMPLOYER AND EMPLOYE.—Employe cannot maintain action for breach of contract of employment when such contract has, by mutual agreement, been abrogated and new contract made.

Error to Municipal Court.

Judgment reversed.

Smart, Ford, Taylor & Hasselman, Cleveland, for Garment Co.

A. M. Kovachy, Cleveland, for Bordon.

FULL TEXT.

VICKERY, J.

This cause comes into this court on a petition in error to the Municipal Court of the City of Cleveland. In the court below the plaintiff, who was defendant in error here, brought an action to recover on a so-called contract of employment, by virtue of which he was to receive $55.00 a week for the period beginning January 1, 1924, up to and including the 31st of December, 1924. He alleges that some time in March he was discharged from such employment and was unable to procure other employment. He further alleges that he was damaged by reason thereof and he recovered something over $1,500 in the court below, being the sum due him under the contract if his position was maintainable, both as to the wrongful discharge and his inability to find other employment.

The defense in this action appears to be this, that while a contract was entered into between these parties, the plaintiff below and the defendant below, first for a compensation of $45.00 a week for one year and then for $55.00 a week for the next ensuing year, that just at the commencement of this second term of employment, to-wit, from January, 1924, to December 31, 1924, the contract calling for $55.00 a week had been discharged by the substitution of another contract, to-wit a contract for $60.00 a week, which included other and different services than were contemplated in the contract specifying $55.00 a week. In other words, by a mutual agreement and understanding between these parties, the contract for $55.00 a week had been abrogated and a new contract for $60.00 made, and that the plaintiff below, the defendant in error here, entered into that new contract of employment and proceeded to and did carry out the terms thereof in a manner more or less satisfactory up until March or some time in

the spring of 1924 when, by reason of the inability of the plaintiff to perform the work or the manner in which it was performed, a dissatisfaction arose upon the part of his employers and they remonstrated with him, or at least called him in and terminated the employment, alleging that he had conducted his part of the contract in such a way as to compel his employer to suffer damages and great loss in the manner in which certain garments were cut and much dissatisfaction was shown, whereupon after some controversy, the defendant company, plaintiff in error here, discharged the plaintiff from its employ.

Now it must be borne in mind that this was under the contract calling for $60.00 a week, and some time after the termination of this employment, the plaintiff below came to the defendant below and asked for some credentials. They in a spirit of good fellowship, or otherwise, wrote a letter so that he might go out and get employment elsewhere. Apparently he failed to procure the employment, and at the end of the period he brought suit to recover on the contract calling for $55.00 a week and recovered as already set forth.

Error is prosecuted to this judgment and reasons are given why the judgment below should be reversed, because the verdict of the jury and the judgment thereon are contrary to the evidence.

We have gone over this record, heard the arguments of counsel and read the briefs and we are constrained to come to the conclusion that the contention of the plaintiff in error is right; that the evidence in this case shows that the contract upon which suit was brought and maintained had been abrogated and a substituted contract had taken its place; that that contract had been terminated by the discharge of the defendant in error by the plaintiff in error; that the record shows that plaintiff in error had good reason for acting in the manner in which they did in view of the fact that defendant in error had not performed the duties of the position for which he was employed.

The letter of recommendation above referred to seems to us to be conclusive of this view of the case and that the plaintiff below had been discharged from not the contract specifying $55.00 a week, but for the substituted contract, and inasmuch as no suit was brought upon that contract, the verdict of the jury in the court below and the judgment of the court thereon were wrong and must be reversed as being contrary to the weight of the evidence.

Judgment reversed and the case is remanded for a new trial.

(Levine, PJ., and Sullivan, J., concur.)